IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01532-ZLW

SYLVIA OCAMPO WEICHMANN, also known as
SYLVIA OCAMPO WEICHMAN,

    Plaintiff,

v.

JUDGE ANNE MANSFIELD,
JOSEPH MORALES,
LISA ARNOLDS, and
NANCY ANDERSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
                         CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Sylvia Ocampo Weichmann, also known as Sylvia Ocampo Weichman, was incarcerated at the Denver County Jail when she initiated the instant action. She since has informed the Court that she is confined at the Colorado Mental Health Institute in Pueblo, Colorado. She filed *pro se* on August 12, 2010, a letter for the Court and a document titled "Rebuttal to Judgement [sic] and Order of Dismissal."

The Court must construe Ms. Weichmann's filings liberally because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document titled "Rebuttal to Judgement [sic] and Order of Dismissal" will be construed liberally as a motion to reconsider, and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. Weichmann's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on August 4, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action on August 4, 2010, for Ms. Weichmann's failure, within thirty days, to cure the deficiencies designated in the June 29, 2010, order to cure. The reasons for the dismissal are stated in greater detail in the August 4 dismissal order.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. Weichmann fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Weichmann fails to demonstrate the existence of an intervening change in controlling law or new

evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Ms. Weichmann is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Ms. Weichmann wishes to pursue her claims, she may do so by filing a new action. It appears to the Court that Ms. Weichmann already has done so by initiating an action against the same defendants in *Weichmann v. Mansfield*, No. 10-cv-01661-BNB (D. Colo. filed July 13, 2010).

Accordingly, it is

ORDERED that the document titled "Rebuttal to Judgement [sic] and Order of Dismissal" that Plaintiff, Sylvia Ocampo Weichmann, also known as Sylvia Ocampo Weichman, submitted to and filed *pro se* with the Court on August 12, 2010, and which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __17th__ day of __August__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01532-BNB

Sylvia O. Weichmann
Prisoner No. 007694
CMHIP
1600 W. 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __8/17/16__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk